```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                         WESTERN DIVISION
                         5:10-CV-509-BO
```

| | | |
|---|---|---|
| RALPH DONNAN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
|     Defendant. | ) | |

This matter is before the Court on the parties' Cross-Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff's motion is GRANTED, Defendant's motion is DENIED, and the decision of the Commissioner is REVERSED and REMANDED for an award of benefits.

## I. BACKGROUND

On June 16, 2008, Plaintiff filed an application for a period of disability and disability insurance benefits. He also applied for Supplemental Security Income ("SSI") with a protected filing date of June 16, 2008. Plaintiff alleged disability beginning July 11, 2007, as a result of arthritis and back problems. His applications were denied initially and upon reconsideration.

A hearing took place on February 1, 2010, before an ALJ. Plaintiff was represented at the hearing by his attorney. On February 22, 2010, the ALJ issued a decision finding Mr. Donnan not disabled within the meaning of the Act.

The Appeals Council denied Mr. Donnan's request for a review

on September 21, 2010, rendering the ALJ's decision the final decision of the Commissioner. Having exhausted his administrative remedies, Mr. Donnan filed this civil action seeking judicial review of the Commissioner's final decision. His case is now before this Court for disposition on the parties' cross-motions for judgment on the pleadings.

## II. **DISCUSSION**

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but

cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

A.   **The Five-Step Sequential Evaluation**

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. § 416.920. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. When substantial gainful activity is not an issue, at step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. If the claimant has a severe impairment, at step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing), 20 C.F.R. § 404, Subpart P, App. 1; if the impairment meets or equals a Listing, disability is conclusively presumed. If the claimant's impairment does not meet or equal a Listing, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his or her past work despite the impairments; if so, the claim is denied. If the claimant cannot perform past relevant work, at step five, the burden shifts to the Commissioner to show that the claimant, based on his or her age, education, work experience, and RFC, can perform other substantial gainful work.

In this case, the ALJ found at step one that Mr. Donnan had

3

not engaged in substantial gainful activity since July 11, 2007, his alleged onset date. At step two, the ALJ determined that Mr. Donnan had the following severe impairments: osteoarthritis, degenerative disc disease and an "old" left upper extremity injury (Tr. 14.) After evaluating his impairments under the criteria set forth in each of the relevant Listings, the ALJ concluded that the impairments did not meet or medically equal any Listing (Tr. 15-16.) The ALJ went on to find that Mr. Donnan retained the RFC to perform light work, with further limitations on his ability to perform work as follows: (1) postural limitations precluding climbing ladders, ropes or scaffolds and allowing only occasional stooping and crawling; (2) only occasional pushing, pulling, handling or feeling with Mr. Donnan's left upper extremity; and (3) Mr. Donnan could only perform work requiring no more than simple, routine and repetitive tasks (Tr. 16.)

At step four, after determining Mr. Donnan's RFC, the ALJ found that Mr. Donnan could not perform his past relevant work. (Tr. 21.) The ALJ then received testimony from a vocational expert ("VE"), who identified jobs that Mr. Donnan could perform, given his age, education, work experience and RFC (Tr. 21-22, 59-63.) The ALJ then found, based on the VE's testimony, that Mr. Donnan "is capable of making successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 22.) With these findings established, the ALJ concluded that Mr. Donnan had

not been under a disability during the relevant period and was therefore not entitled to disability benefits or SSI (Tr. 22.)

In the present case, Mr. Donnan attacks the Commissioner's decision on three grounds: (1) that the ALJ improperly evaluated Plaintiff's impairments under the criteria of Disability Listing 1.04 which Plaintiff meets; (2) that the ALJ erred in analyzing the opinion of Plaintiff's treating physician regarding his functional limitations in violation of SSR 96-2p; and (3) that improperly evaluated Plaintiff's credibility in violation of 96-7p. The Court finds at least one of Plaintiff's arguments persuasive: that the ALJ's analysis of Listing 1.04 was legally flawed and not supported by substantial evidence.

### B. The ALJ Improperly Evaluated Plaintiff's Impairments Under the Criteria of Disability Listing 1.04

The ALJ's conclusion that Plaintiff did not meet Listing 1.04 is not supported by substantial evidence. Listing 1.04 states, in pertinent part, as follows:

> Listing 1.04 Disorders of the spine (e.g., herniated nucleus pulposis, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture) resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
> 
> A.  Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg

5

> raising test (sitting and supine). . . .

20 C.F.R. Part 404, Subpt. P, Appendix I § 1.04 (2010)

In this case, it is undisputed that Mr. Donnan has been diagnosed with degenerative disc disease (Def.'s Br. p. 16.) Moreover, the record establishes a history of nerve root compression. As noted by Dr. Gordon on July 22, 2007, Mr. Donnan suffers from central canal stenosis at C6-7 and neural foraminal stenosis at C5-6 and C6-7 (Tr. 278.) Mr. Donnan's central canal stenosis results in spinal cord impingement at C6-7 (Tr. 278; 419.) Mr. Donnan's reflexes are diminished in his left arm and he suffers from neuro-anatomical distribution of pain which spreads from his neck through his left arm (Tr. 45, 416.) Mr. Donnan's cervical spine range of motion is markedly decreased (Tr. 416.) Numbness and tingling often spread through his left arm to his fingers and he has a markedly positive Spurling's sign to the left (Tr. 416). Mr. Donnan's grip strength is also markedly decreased and he sometimes drops objects due to this (Tr. 51.) Dr. Izurieta noted positive straight leg raises upon examination with definite sciatic irritation in addition to an inability to tip toe, heel walk or tandem walk without difficulty (Tr. 453.) In light of the record evidence, the Court finds that Mr. Donnan meets Listing 1.04A based on his cervical stenosis. The ALJ's decision to the contrary is not supported by substantial evidence.

## III. CONCLUSION

As the foregoing demonstrates, the decision of the ALJ is not supported by substantial evidence. Accordingly, Plaintiff's Motion for Judgment on the Pleadings [DE 33] is GRANTED, Defendant's Motion for Judgment on the Pleadings [DE 35] is DENIED, and the decision of the Commissioner is REVERSED.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987). Accordingly, this case is REMANDED for an award of benefits.

SO ORDERED.

This the **18** day of **August**, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE